# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HERMAN J. ROSS** | * | **CIVIL ACTION NO. 6:11-0400** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **MILK PRODUCTS, L.L.C.** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion to Dismiss filed by Milk Products, L.L.C. d/b/a Borden ("Borden") on April 4, 2011. [rec. doc. 7]. The Motion was referred to the undersigned for Report and Recommendation. [rec. doc. 9]. The Motion to Dismiss is unopposed, and the time for opposing the motion has expired. [*See* rec. doc. 11 and LR 7.5W].

For the following reasons, and considering that no timely Opposition has been filed, it is recommended that the Motion to Dismiss [rec. doc.7] be **GRANTED.**

## LAW AND ANALYSIS

Plaintiff, Herman J. Ross ("Ross"), filed the instant lawsuit in a local state court on February 23, 2010. [rec. doc. 1-1, pg. 4]. The action was subsequently removed to this Court by Borden. [rec. doc.1].

In his petition, Ross complains that he was terminated from his employment with Borden as a milk truck loader on February 25, 2009, following a positive test for alcohol. While inartfully pled, it appears that plaintiff sets forth the following claims: (1) harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e *et seq*.; (2)

harassment under the Louisiana Unemployment Law; (3) abuse of process and/or malicious prosecution; and (4) wrongful termination.

**Title VII Claim**

Borden argues that plaintiff's Title VII claim should be dismissed for failing to exhaust administrative remedies by filing a charge with the EEOC before filing the instant lawsuit. Plaintiff cites Title VII as a basis for relief, but fails to allege or even state any fact for this court to infer that he filed a complaint concerning Borden's actions with the Equal Employment Opportunity Commission (EEOC), nor has he responded to the instant Motion with evidence of proper and timely exhaustion. Accordingly, Ross' Title VII claim should be dismissed.

It is well settled law that a Title VII plaintiff must file a timely charge with the EEOC before he can commence a civil action under Title VII in federal court. 42 U.S.C. § 2000e-5(e)(1)[1] and (f)(1)[2]; *Nat'l RR Passenger Corp. v. Morgan,* 536 U.S. 101, 109 (2002); *Cruce v. Brazosport Independent School Dist.*, 703 F. 2d 862, 863 (5th Cir. 1983) (although filing of EEOC charge is not jurisdictional prerequisite, it "is a precondition to filing suit in district court."); *Dao v Auchan Hypermarket*, 96 F. 3d 787, 789 (5th Cir. 1996). Thus, plaintiff's claims under Title VII are properly dismissed for failure to exhaust administrative remedies.

---

[1] Section 2000e-5(e)(1) provides in pertinent part: "A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . ." § 2000e–5(e)(1).

[2] Section 2000e-5(f)(1) provides that a civil action must be commenced "within ninety days" after the charging party has received a "right-to-sue" letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *See also Nilsen v. City of Moss Point, Miss.*, 621 F.2d 117, 120 (5th Cir.1980).

**Louisiana State Law Unemployment Claims**

Similarly, Borden's argues that plaintiff's claims under the Louisiana Unemployment Law must be dismissed for failure to properly and fully exhaust state remedies prior to filing the instant suit.

Ross alleges in his petition that he "filed for unemployment benefits through the State of Louisiana", but that he has not been afforded a hearing or received a ruling or response to his claim. Accordingly, he filed suit.

Louisiana law provides an explicit administrative procedure which an unemployment benefit claimant must follow to obtain benefits. This procedure includes the filing of appeals, after which, an aggrieved party may seek judicial review. *See* La. R.S. 23:1622, *et seq*. From the allegations of the Complaint, it is clear that Ross did not fully and properly comply with this procedure. As noted by Judge Fallon of the United States Eastern District Court, a federal "court is not in a position to review possible unemployment . . . claims made by plaintiff before they proceed through the state's administrative procedures" and accordingly, "these claims are appropriate for dismissal." *Stewart v. Project Consulting Services, Inc.*, 2001 WL 1000730, *3 (E.D. La. 2001) *citing* La.Rev.Stat. § 23:1622 *et seq*.

**Abuse of Process and Malicious Prosecution**

Borden argues that Ross has failed to state a claim for abuse of process or malicious prosecution.[3] The undersigned agrees. Under Louisiana law, to state a claim for malicious prosecution the plaintiff must allege the following elements: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damages conforming to legal standards resulting to plaintiff. *Jones v. Soileau*, 448 So.2d 1268, 1271 (La. 1984). Here, plaintiff does not allege that Borden's instituted a civil proceeding against him or that any such proceeding terminated in his favor. Accordingly, Ross fails to state a claim for malicious prosecution.

Similarly, a claim for abuse of process requires an improper, illegal or irregular use of process by the present defendant. *See Waguespack, Seago and Carmichael v. Lincoln*, 768 So.2d 287, 290-292 (La. App. 1st Cir. 2000) (and cases cited therein). In this case, there are no allegations of any improper or irregular use of process by Borden. While Ross suggests that he was subjected to alcohol testing by Borden, he fails to allege how that testing was improper or irregular.

To the contrary, plaintiff's allegations suggest that the testing was done properly, as plaintiff was not discharged until the day following the test, presumably after the

---

[3]Borden argues that Ross' claims are prescribed. However, that argument was based on the assumption that suit was filed in 2011. However, the record demonstrates that suit was filed by Ross on February 23, 2010, within the one-year prescriptive period. *See* rec. doc. 1-1, pg. 4. Accordingly, this argument is not addressed herein.

4

results had been received by Borden, but that Ross merely disagrees with the results.

**Wrongful Termination**

To the extent that Ross's allegations may be construed as asserting a wrongful termination claim, Borden argues that such a claim is not cognizable under Louisiana law. The undersigned agrees.

Under Louisiana law, absent a contractual agreement for employment for a specified term, the employment is terminable "at will" of either the employer or employee, and the employer is at liberty to dismiss the employee at any time for any reason without incurring liability for the discharge. *See* La. Civ. Code art. 2747[4]; *Overman v. Fluor Constructors, Inc.*, 797 F.2d 217, 218 (5th Cir.1986); *Cowart v. Lee*, 626 So.2d 93, 94 (La. App. 3d Cir. 1993) *citing Thebner v. Xerox Corp.*, 480 So.2d 454, 457 (La. App. 3d Cir. 1985) (and cites therein), *writs denied*, 484 So.2d 139 (La. 1986).

Based on the foregoing reasons, and considering that no timely Opposition has been filed, it is recommended that Borden's Motion to Dismiss [rec. doc. 7] be **GRANTED** and accordingly, this action be **DISMISSED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being

---

[4]La.C.C. art. 2747 provides: "A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause."

5

served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 18th day of May, 2011, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE